UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Michael J. Mona, Jr.,

    Plaintiff

v.

Michael Sifen,

    Defendant

Case No. 2:22-cv-00821-CDS-VCF

**Order Granting Defendant's Motion to Dismiss**

[ECF No. 5]

  Pursuant to Federal Rule of Civil Procedure 12(b)(2), defendant Michael Sifen moves to dismiss plaintiff Michael J. Mona, Jr.'s complaint for lack of personal jurisdiction. Finding no basis for this court to exercise jurisdiction over Sifen, I grant his motion to dismiss.

**I. Background**

  Mona sues Sifen for various contract and tort claims relating to an alleged breach of contract. Compl., ECF No. 1. Mona describes himself as an individual with unique knowledge and experience in the cannabidiol (CBD) market. *Id.* at ¶ 16–17. He characterizes Sifen as a commercial developer, building contractor, and investor. *Id.* at ¶ 8. The two met in 2000 and allegedly "developed a close friendship and a relationship built on trust." *Id.* at ¶ 7. In 2013, Sifen texted Mona "Love U as a person and friend[.]" *Id.* at ¶ 41.

  Mona asserts that the pair "entered into a valid and binding oral contract to create [a] Partnership and work together for each other's benefit by utilizing Sifen's capital and Mona's investment knowledge to earn money on up-and-coming stocks that Mona would select for investment." *Id.* at ¶ 106. Specifically, in 2014, Mona "presented [Sifen] with the opportunity to extend their partnership into the CBD industry" and "specifically proposed . . . that [he] would provide Sifen with investment advice as it related to particular CBD companies, and Sifen would

invest the money and then split the profits evenly with Mona as partners." *Id.* at ¶ 20–21. Mona does not state where he presented this idea or where Sifen agreed to it. *Id.* Nonetheless, the pair allegedly communicated for years regarding these investments until August 9, 2021, when "Mona became aware that Sifen was not going to honor" the partnership or the profit-sharing agreement. *Id.* at ¶ 95.

## II. Legal standard

A party may assert the defense of lack of personal jurisdiction by motion. Fed. R. Civ. P. 12(b)(2). "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). However, to carry this burden, a plaintiff need only make "a prima facie showing of jurisdictional facts." *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). When conflicts exist between the statements made in the affidavits submitted by each party, courts resolve these conflicts in the plaintiff's favor. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("The court resolves all disputed facts in favor of the plaintiff.").

A plaintiff carries its burden by establishing that (1) personal jurisdiction is proper under the laws of the state in which jurisdiction is asserted; and (2) the exercise of jurisdiction does not violate the defendant's right to due process secured by the United States Constitution. *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404–05 (9th Cir. 1994). Because Nevada's long-arm statute is "co-extensive with the limits of due process, the inquiry into the propriety of personal jurisdiction under Nevada law and the inquiry into the limits of due process collapse into a single inquiry." *Evanston Ins. Co. v. W. Comm. Ins. Co.*, 13 F. Supp. 3d 1064, 1068 (D. Nev. 2014) (citing NRS § 14.065(1) ("A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States.")).

A court's exercise of personal jurisdiction comports with due process "only if [the defendant] has 'certain minimum contacts' with the relevant forum 'such that the maintenance

of the suit does not offend traditional notions of fair play and substantial justice.'" *Menken*, 503 F.3d at 1056 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "[T]he defendant's conduct and connection with the forum [s]tate [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

"There are two forms of personal jurisdiction that a forum may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Boschetto*, 539 F.3d at 1016. A forum may exercise general personal jurisdiction only when "a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes." *Menken*, 503 F.3d at 1056–57. If the forum lacks general personal jurisdiction over a given defendant, the forum may still exercise specific jurisdiction or, "jurisdiction based on the relationship between the defendant's forum contacts and plaintiff's claims." *Menken*, 503 F.3d at 1057.

### III. Discussion

*a. This Court does not have general personal jurisdiction over Sifen.*

Sifen states that he is a Virginia resident with no continuous contact with Nevada. Sifen Decl., ECF No. 19 at 1. He argues that Mona has failed to allege any facts connecting Sifen to Nevada. ECF No. 5 at 6. Mona responds that Sifen frequently visits Nevada; has availed himself to investment opportunities involving Nevada properties, companies, and personnel; engaged in and benefited from doing business in Nevada for over twenty years; and previously entered into contracts that consent to the government of Nevada law. ECF No. 13 at 27–29.

To establish that this court has general personal jurisdiction over Sifen, Mona must demonstrate that Sifen had sufficient contacts "to constitute the kind of continuous and systematic general business contacts that 'approximate physical presence.'" *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1119 (9th Cir. 2002) (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)). General jurisdiction exists

only where the defendant's "affiliations with the [s]tate are so 'continuous and systematic' as to render them essentially at home in the forum [s]tate." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). For an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler*, 571 U.S. at 137.

Sifen is domiciled in Virginia, not Nevada. ECF No. 19 at 1. Mona has not sufficiently alleged that Sifen's contacts with Nevada are "continuous and systematic" enough to render him essentially at home in Nevada. While Mona does allege that Sifen has visited Nevada in the past, invested in Nevada businesses, and executed contracts in Nevada, these allegations do not overcome the facts that Sifen has resided in Virginia "his entire life (since 1955)" and intends to remain there, that he has not leased property in Nevada nor visited Nevada with an intent to remain indefinitely, that he does not own any Nevada-based business or entity, and that he manages his investments (including his Nevada investments) from his business office in Virginia Beach, Virginia. ECF No. 19 at 1–2. "'Only a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction in that state." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 225, 262 (2017) (quoting *Daimler*, 571 U.S. at 137). The contacts Mona alleges are not enough to establish that Sifen is essentially at home in Nevada and thus, this Court has no basis for general personal jurisdiction over Sifen.

      b.   *This Court does not have specific personal jurisdiction over Sifen.*

"The inquiry whether a forum [s]tate may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum[,] and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 (internal quotation marks and citation omitted). To analyze whether the assertion of specific jurisdiction in a given forum is proper, courts utilize a tripartite test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e.[,] it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). The plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* (citation omitted). If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. *Id.* If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985).

   1. *Sifen has not purposefully availed himself of the privilege of conducting activities in Nevada.*[1]

  "To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Boschetto*, 539 F.3d at 1016 (citation omitted). This litigation concerns Mona's allegations that Sifen agreed to share profits in two investment ventures but failed to do so. But review of Mona's complaint demonstrates that Mona fails to allege that Sifen made the profit-sharing agreement in Nevada, that any contract was formed in Nevada, that the investing activity occurred in Nevada, or that the pair ever met in Nevada to discuss business.

  Despite Mona's statement that he presented his investment ideas to Sifen in 2014, he describes advisements beginning in 2012 and continuing through 2013 regarding investments in

---

[1] For claims sounding in contract, courts generally apply the "purposeful availment" analysis, which considers whether a defendant "'purposefully avails itself of the privilege of conducting activities' or 'consummates a transaction' in the forum, focusing on activities such as delivering goods or executing a contract." *Menken*, 503 F.3d at 1057. By contrast, for claims sounding in tort, courts generally apply the "purposeful direction" test. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). This test considers whether a defendant "purposefully directs his activities at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Id.* (cleaned up). Mona's claims for breach of contract and breach of the implied covenant of good faith and fair dealing sound in contract, whereas his claims for breach of fiduciary duty and fraudulent representation sound in tort. I thus analyze whether personal jurisdiction may be exerted over Sifen under either standard.

Medical Marijuana, Inc. ("MJNA") and Hemp, Inc. ("HEMP"). ECF No. 1 at ¶ 23–47. It is unclear how Sifen's investments in these companies form the basis for Mona's claim of an oral contract, given that by Mona's own admission, Mona did not present the partnership opportunity until 2014. *Id.* at ¶ 20. Nonetheless, the pair seemed to communicate primarily through electronic means (text messaging, emails, and phone calls) rather than face-to-face meetings. *Id.* at ¶ 39–41, 43–44, 49. When Mona grew "[c]oncerned about Sifen's lack of transparency and avoidance of Mona's questions through calls and text messages," he travelled to Virginia Beach to meet with Sifen in person. *Id.* at ¶ 50. The December 2013 Virginia Beach meeting is the first instance of Mona alleging that the pair met in person regarding the investments at issue in this case. *See generally id.* Over the next fifteen months, the partnership grew more contentious and Mona again flew to Virginia Beach in April 2015 to meet with Sifen. *Id.* at ¶ 63. The parties grappled with issues relating to proof of Sifen's profits and losses over email for another year, until Mona again met Sifen in Virginia in May 2016 to demand documentation. *Id.* at ¶ 71. The complaint describes only electronic communication thereafter until August 9, 2021, when "Mona became aware that Sifen was not going to honor the [p]artnership and the [a]greement." *Id.* at ¶ 95. At no point does Mona allege that Sifen visited Las Vegas for any activity related to the investments. In fact, Sifen states in his affidavit that he never traveled to Nevada to speak with Mona regarding the investments and that all relevant conversations occurred in Virginia. ECF No. 6 at 2. He adds that all performance of the alleged contract occurred in Virginia, where his accountants, banks, and brokers reside. *Id.* at 1–2.

Mona responds that Sifen met with him in June 2012 at the Bellagio to discuss the initial investment in MJNA. ECF No. 13 at 32. Sifen disputes that Mona was even at the meeting, ECF No. 19 at 3, and claims that he was in Las Vegas for vacation when Mona instructed him to meet with MJNA's then-president. ECF No. 18 at 7. Sifen adds that he "became a passive investor in MJNA" only after returning to Virginia, from where he wired money and managed the investment. *Id.* This meeting seems to be the only instance Mona can identify wherein Sifen was

6

in Nevada on business related to the investments, but Sifen's investment in MJNA did not occur at the Bellagio that day—or in Las Vegas at all. Sifen did not purposefully avail himself of the privilege of conducting business in Nevada because, to put it simply, Sifen did not conduct nor attempt to conduct any business in Nevada.

Furthermore, Mona cannot demonstrate that Sifen purposefully directed his activities toward Nevada. To establish purposeful direction, Mona must demonstrate that (1) Sifen acted intentionally, (2) with aim toward Nevada, and (3) caused harm that he should have anticipated would be suffered in Nevada. *Yahoo!*, 433 F.3d at 1206. But even under the effects test, "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. Here, the only link between Sifen and Nevada is indeed Mona—Sifen's investing activity and all communication between Mona and Sifen occurred in Virginia. Mona does not allege that Sifen took any intentional action in Nevada to form the alleged contract or to conduct the business activities at the heart of their alleged agreement. Furthermore, "mere injury to a forum resident is not a sufficient connection to the forum." *Id.* at 290. Thus, that Mona may have been injured in Nevada is irrelevant to the inquiry of whether Sifen directed his activities toward the state.

Mona argues that Sifen intended to benefit from investments that were only available to him in Nevada through Nevada residents. ECF No. 13 at 37. But it is clear that these investments were **not** only available to Sifen in Nevada; Sifen indeed made the investments, and conducted the business at the heart of the partnership, in Virginia. Mona traveled to Virginia to discuss the partnership with Sifen in every instance—a clear indication that Sifen, perhaps intentionally, did not direct his activities to Nevada.

Because I find that Sifen has neither purposefully availed himself of the privilege of conducting business in Nevada nor purposefully directed his activities toward Nevada, I need not address the other two prongs of the test for specific jurisdiction. *See Schwarzenegger*, 374 F.3d at 802 (stating that if the plaintiff fails to meet his burden on purposeful availment, personal jurisdiction cannot be established in the forum state). There is thus no basis for specific

jurisdiction. Having already determined that there is also no basis for general jurisdiction, this court cannot exercise personal jurisdiction over Sifen.

## IV.   Conclusion

IT IS HEREBY ORDERED that defendant Michael Sifen's motion to dismiss **[ECF No. 5] is GRANTED.** Plaintiff Michael Mona's complaint **(ECF No. 1) is dismissed without prejudice and with leave to amend.** Mona shall file an amended complaint, if any, no later than **May 14, 2023**. The Clerk of Court is instructed to enter judgment accordingly.

IT IS SO ORDERED.

DATED: April 17, 2023

_____
Cristina D. Silva
United States District Judge