UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Michael J. Mona, Jr.,

        Plaintiff

v.

Michael Sifen,

        Defendant

Case No. 2:22-cv-00821-CDS-VCF

**Order Denying Plaintiff's Motion for Leave to File Excess Pages, Granting Plaintiff's Motion to Seal Exhibits, and Denying Stipulation to Extend Time as Moot**

[ECF Nos. 25, 28, 29]

      Plaintiff Michael J. Mona, Jr. moves for leave to file excess pages (ECF No. 25) in response to defendant Michael Sifen's motion to dismiss (ECF No. 24). He also seeks leave to file exhibits 3 and 15 of his response under seal. ECF No. 28. The parties have also stipulated to extend the time in which Sifen may reply to Mona's response. ECF No. 29. Because I find that Mona fails to demonstrate good cause to file excess pages, I deny his motion. I also deny as moot the stipulation regarding the defendant's reply brief to Mona's response. But I permit Mona to refile his response, by Monday, July 19, 2023, and find good cause for exhibits 3 and 15 to be filed under seal.

**I.    Discussion**

      "The court looks with disfavor on motions to exceed page limits, so permission to do so will not be routinely granted. A motion to file a brief that exceeds [] page limits will be granted only upon a showing of good cause" and "must be filed before the motion or brief is due[.]" LR 7-3(c). I first note that Mona sought leave to file excess pages on June 7, 2023, the day before his response was due, and he complied with other the procedural requirements of LR 7-3. But I do not find good cause for Mona to file excess pages. Filing an overlength brief, which contains assertions of fact copied directly from the operative complaint and arguments not tailored to the

defendant's motion to dismiss, imposes a substantial burden on the court. *United States v. Ruiz-Rivera*, 2020 WL 4260949, at *2 (S.D. Cal. July 23, 2020). Put simply, there is no reason for the statement of facts in Mona's response to be 13 pages long, as almost all of that information is contained in Mona's complaint. *Compare* Compl., ECF No. 23 at 2–17 (describing the Emerald Suites project, additional investments in real estate and Capriotti's Sandwich Shop, CBD investments, MJNA investment, HEMP investment, Sifen's profits, Sifen's failure to disclose, and Sifen's refusal to pay) *with* Resp., ECF No. 26 at 11–24 (describing the Emerald Suites project, additional investments in real estate and Capriotti's Sandwich Shop, CBD investments, MJNA investment, HEMP investment, Sifen's profits, Sifen's failure to disclose, and Sifen's refusal to pay).

Furthermore, much of Mona's response seems to be directed toward establishing jurisdiction for investments that predate the events in the complaint. Mona alleges that Sifen breached a fiduciary duty by taking profits from "the Partnership's shares in MJNA, HEMP[,] and BDPT." ECF No. [23] at ¶ 132. He alleges Sifen breached an oral contract regarding the partnership. *Id.* at ¶ 138. He further alleges Sifen breached the covenant of good faith and fair dealing and committed fraudulent misrepresentation regarding the partnership and oral contract. *Id.* at ¶¶ 145, 148, 153. But none of his claims are based on Sifen's alleged investments into the Emerald Suites project, real estate, or Capriotti's Sandwich Shop. A plaintiff relying on specific jurisdiction "must establish that jurisdiction is proper for 'each claim asserted against a defendant.'" *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004)). **Each claim** "must be one which arises out of or relates to the defendant's forum-related activities." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)) **(emphasis added)**. Essentially, Mona's argument—in part—improperly focuses on investments predating the events for which he brings claims. So the extensive discussion regarding those investments in Mona's response to the motion to dismiss (ECF No. 26 at 28–31) is irrelevant to the jurisdictional analysis. Although

I respect the plaintiff's right to be heard, I am confident that he can succinctly state his positions within the limitations set forth in the Local Rules. And because I deny Mona's motion for leave to file excess pages and instruct him to refile his response, I deny as moot the parties' stipulation to extend time to file a reply.

Finally, I grant Mona's motion for leave to file exhibits 3 and 15 of his response under seal because I find that confidential business information represents a "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Mona represents that the exhibits include information regarding pricing and business operations of non-parties, and that release of that information could potentially harm those non-parties. ECF No. 28 at 4.

I.   Conclusion

IT IS THEREFORE ORDERED that the plaintiff's motion for leave to file excess pages **[ECF No. 25] is DENIED.** The Clerk of Court is kindly directed to STRIKE plaintiff's responses (ECF Nos. 26, 27) from the docket.

IT IS FURTHER ORDERED that the plaintiff is to refile his response to the defendant's motion to dismiss **on or before Monday, June 19, 2023.** The response must fit within 34 pages (not including tables of contents and authorities or the service page). If the defendant chooses to reply, that reply will be due **on or before Monday, June 26, 2023**.

IT IS FURTHER ORDERED that the plaintiff's motion for leave to file two exhibits under seal **[ECF No. 28] is GRANTED.** Exhibits 3 and 15 to the plaintiff's response may be filed under seal. Once filed, the Clerk of Court is instructed to maintain the seal on exhibits 3 and 15.

IT IS FURTHER ORDERED that the parties' stipulation to extend time **[ECF No. 29] is DENIED as moot**.

DATED: June 9, 2023

_____
Cristina D. Silva
United States District Judge