UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Michael J. Mona, Jr.,

         Plaintiff

  v.

Michael Sifen,

         Defendant

Case No. 2:22-cv-00821-CDS-EJY

**Order Granting Defendant's Motion to Dismiss and Closing Case**

[ECF No. 24]

     This is a breach of contract suit. Defendant Michael Sifen moves to dismiss the First Amended Complaint (FAC) for lack of personal jurisdiction, or in the alternative, for failing to state a claim upon which relief can be granted. ECF No. 24. The motion is fully briefed. *See* Opp'n, ECF No. 31; Reply, ECF No. 32.

     I previously granted Sifen's first motion to dismiss for lack of personal jurisdiction but gave leave to amend as it was unclear if the jurisdictional defect could be cured. *See* Order granting motion to dismiss, ECF No. 20. For the reasons set forth herein, I again find no basis for this court to exercise jurisdiction over Sifen, and I grant his motion to dismiss for the same reason.

**I.    Background**

     Plaintiff Michael Mona sues Sifen for various contract and tort claims relating to an alleged breach of contract. FAC, ECF No. 23. Mona describes himself as a former commercial developer, and a lifelong entrepreneur. *Id.* at 2.[1] He characterizes Sifen as a land and commercial developer, as well as an investor. *Id.* The two met in or around 2000, thereafter developing a friendship and business relationship. *See generally id.* at 2–16. According to the FAC, Sifen repeatedly invested with Mona including investing in the cannabidiol (CBD) industry together.

---

[1] The FAC duplicates paragraph numbers so the court only cites to its page numbers herein.

*See generally id.* at 6–10. Mona asserts that Sifen agreed to contribute money to certain CBD companies based upon Mona's recommendations, and that the two agreed to evenly split all profits realized from the investments (the "Agreement"). *Id.* at 7.

Between 2012 and 2013, Mona advised Sifen to invest in Medical Marijuana, Inc. (MJNA), which is identified as a California corporation, and the two met at the Bellagio hotel in June of 2012 to discuss the investment. *Id.* Following the meeting, and based on Mona's advice, Sifen purchased 46,500,000 shares of MJNA. *Id.* at 8. Approximately one month later, and again based on Mona's advice, Sifen purchased another 25,000,000 shares of MJNA. *Id.* Sometime during the third quarter of 2012, the two met again in Las Vegas[2] to discuss "the Partnership and the MJNA investment." *Id.*

The FAC further alleges that Sifen again visited Las Vegas in the first quarter of 2013 to meet with Mona to discuss their partnership and further investment opportunities. *Id.* Following that meeting, and based on Mona's recommendations, Sifen purchased 100,000,000 shares in a company called "HEMP."[3] *Id.* at 8–9. The FAC alleges that Mona and Sifen called HEMP CEO Bruce Perlowin during this meeting. *Id.* It further alleges that Perlowin understood that Mona and Sifen would be "50/50 partners" in the HEMP investment, and that Perlowin agreed to reduce the purchase price for the HEMP shares based on his past dealings with Mona, and also offered them shares in another company (Bioadaptives, Inc. (BDPT)) as part of the deal. *Id.* at 9.

Following the HEMP investment, Mona and Sifen continued to socialize and discuss investments whenever Sifen visited Las Vegas. *Id.* However, between January 2013 and July 2014, and without prior conversations with Mona, and without Mona's knowledge, Sifen sold all the Partnership's shares of HEMP, MJNA, and BDPT for an estimated total of $32,978,368.00. *Id.* at 10.

---

[2] The location of this meeting is not included in the allegations.
[3] HEMP conducts business and maintains a manufacturing plant in Las Vegas, Nevada. *Id.* at 8.

Between 2012 and 2021, Mona and Sifen had numerous conversations about their investments and partnership, during which their "partnership agreement" was affirmed, some profits from their investments were paid out, at times the two disagreed about the partnership's figures, amongst other meetings and conversations. *See generally, id.* at 10–16. For example, in February of 2014, Sifen paid $1,000,000 to Mona as payment towards Mona's share of profits from Sifen's sale of the HEMP, MJNA, and BDPT stock. *Id.* at 12.

While Sifen had never previously denied or disputed the existence of the partnership between himself and Mona, that changed on August 9, 2021, while Mona was traveling to Virginia Beach to meet with Sifen. *Id.* at 16. On that day, Mona learned that Sifen was not going to honor the partnership or the profit-sharing agreement. *Id.* Mona alleges that for almost a decade, he always "understood that Sifen would pay Mona's Share once the exact figures [Sifen] received from the Investments could be determined through formal stock reports in Sifen's sole possession." *Id.* at 16–17.

As a result of the foregoing, Mona brings this action alleging four claims for relief: (1) Breach of Fiduciary Duty; (2) Breach of Contract; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (4) Fraudulent Misrepresentation. *See id.* at 17–21.

## II. Legal standard

"Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (citing *Data Disc., Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 n.8 (9th Cir. 1977)). "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). In cases where the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Bryton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009). In such a case, "we only inquire into

whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). On a prima facie showing, the court resolves all contested facts in favor of the non-moving party. *Oneok*, 715 F.3d at 741; *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (if conflicted facts are contained in the parties' affidavits, the facts must be resolved in favor of the plaintiff for purposes of determining whether a prima facie case of personal jurisdiction has been established).

A plaintiff may not simply rest on the "bare allegations of [the] complaint." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). If the defendant presents evidence to contradict the allegations in the complaint, the plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction through affidavits and/or declarations. *See AT&T*, 94 F.3d at 588; *accord Caruth*, 59 F.3d at 127–28 (absent an evidentiary hearing, this court "only inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction.").

Where, as in this case, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citations omitted). Nevada's long-arm statute, set forth at Nev. Rev. Stat. § 14.065, coincides with federal due process requirements. Those requirements mandate that non-resident defendants have "minimum contacts" with Nevada "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). Personal jurisdiction can be either "general" or "specific." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984).

General personal jurisdiction is premised on a defendant's relationship to the forum state. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Court*, 141 S. Ct. 1017, 1024 (2021) (citation omitted). The defendant must engage in "continuous and systematic general business contacts," *Hall*, 466 U.S. at 416, that "approximate physical presence" in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "The standard is met only by 'continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011) (quoting *Int'l Shoe Co.*, 326 U.S. at 318). In order to determine if a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, courts evaluate a number of factors including their "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006). The standard for general jurisdiction "is an *exacting* standard, as it should be, because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801 (emphasis added). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different state." *Bristol-Myers Squibb Co. v. Superior Ct. of California*, 137 S. Ct. 1773, 1780 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)).

Specific jurisdiction, on the other hand, "focuses on the relationship among the defendant, the forum, and the litigation." *Calder v. Jones*, 465 U.S. 783, 788 (1984) (internal quotation marks and citation omitted). In the Ninth Circuit, a three-part test is applied to determine whether the exercise of specific jurisdiction over a non-resident defendant is appropriate. *Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). First, the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he

purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. *Id.* Second, the claim must be one which arises out of or relates to the defendant's forum-related activities. *Id.* Finally, the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *Id.*

### III.     Discussion

#### A.     This court does not have general personal jurisdiction over Sifen.

Sifen argues that Mona has failed to allege any facts sufficiently connecting Sifen to Nevada as to give rise to either general or specific personal jurisdiction. *See generally* ECF No. 24 at 2, 5–13. Mona responds that Sifen frequently visits Nevada, has availed himself of investment opportunities involving Nevada properties since the mid-2000s, and entered into a "partnership" with Mona that included financing investment projects and profit sharing. ECF No. 31 at 12–16. In reply, Sifen argues that the FAC's aged allegations regarding coming to Las Vegas for vacation are insufficient to meet the requirements for either general or specific jurisdiction. *See generally* Reply, ECF No. 32.

To establish that this court has general personal jurisdiction over Sifen, Mona must demonstrate that Sifen had sufficient contacts "to constitute the kind of continuous and systematic general business contacts that 'approximate physical presence.'" *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1119 (9th Cir. 2002) (quoting *Bancroft & Masters*, 223 F.3d at 1086). General jurisdiction exists only where the defendant's "affiliations with the [s]tate are so 'continuous and systematic' as to render them essentially at home in the forum [s]tate." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). For an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler*, 571 U.S. at 137.

There is no dispute that Sifen is a resident of Virgina. *See* ECF No. 23 at 1 (FAC alleging Sifen is a Virginian); ECF No. 24 at 6 ("Sifen is a Virgina resident…."). Thus, the court turns to Sifen's contacts with Nevada in order to evaluate whether it has jurisdiction over this matter.

General personal jurisdiction is premised on a defendant's relationship to the forum state (*Ford Motor Co.*, 141 S. Ct. at 1024), so Mona must demonstrate that Sifen engaged in "continuous and systematic general business contacts," *Hall*, 466 U.S. at 416, that "approximate physical presence" in the forum state. *Bancroft & Masters, Inc.*, 223 F.3d at 1086. Mona does not meet this standard. While Mona alleges that Sifen has visited Nevada in the past, those visits appear aged. *See* ECF No. 23 at 2–3 (alleging a visit to Las Vegas in the mid-2000s), 7–8 (referencing a visit in 2012), 8, 10–11 (referencing visits to Las Vegas in 2013). In fact, the FAC does not allege any visits to Nevada after 2013. Mona also sets forth numerous allegations, both in the FAC and his affidavit,[4] regarding Nevada businesses and executed contracts in Nevada. *See* Mona Decl., ECF No. 31-2 at 2 (stating Sifen visited Las Vegas more than once a year between 2000 and 2013, during which business was discussed). These allegations and involvement in Nevada-based businesses are aged. Consequently, these allegations do not overcome the fact that Sifen has resided in Virginia "his entire life" and intends to remain there, that he has not leased property in Nevada nor visited Nevada with an intent to remain indefinitely, that he does not own any Nevada-based business or entity, and that he manages his investments (including his Nevada investments) from his business office in Virginia Beach, Virginia. *See generally* Sifen Decl., ECF No. 19. Thus, this court has no basis for general personal jurisdiction over Sifen.

The contacts Mona alleges are not enough to establish that Sifen is essentially at home in Nevada and thus, this court has no basis for general personal jurisdiction over Sifen.

   **B. This court does not have specific personal jurisdiction over Sifen.**

"The inquiry whether a forum [s]tate may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum[,] and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (internal quotation marks and citation omitted). Mona fails to meet the three-part test established in *Schwarzenegger* to show that this court has specific jurisdiction over Sifen. 374 F.3d at 800.

---

[4] Mona's Declaration is attached to his opposition at ECF No. 31-2.

7

"To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" [5] *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (citation omitted). This litigation concerns an alleged oral contract[6] between Mona and Sifen, where the parties agreed to share profits in investment ventures. The FAC alleges that the parties officially formed their "partnership" in or around 2005. FAC, ECF No. 23 at 5. Even accepting as true—as I must—that Mona and Sifen entered an oral contract to form their "partnership," the United States Supreme Court has been clear that "the formation of a contract with a nonresident defendant is not, standing alone, sufficient to create jurisdiction." *Id.* at 1017 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)). And while the FAC and Mona's declaration establish that, between 2000 and 2015, the parties would meet and sometimes discuss business in Nevada, this is insufficient to find that they performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state. If a contractual relationship with a plaintiff is to be the basis of specific jurisdiction, the contract must envision continuing and wide-reaching contacts between the defendant and the forum, rather than just with the plaintiff. *Walden*, 571 U.S. at 285–86 (noting that, in *Burger King*, the Court "upheld the assertion of jurisdiction over defendants who have purposefully 'reach[ed] out beyond' their State and into another by . . . entering a contractual relationship that 'envisioned continuing and wide-reaching contacts' in the forum State").

---

[5] As noted in my order granting Sifen's first motion to dismiss, for claims sounding in contract, courts generally apply the "purposeful availment" analysis, which considers whether a defendant "'purposefully avails itself of the privilege of conducting activities' or 'consummates a transaction' in the forum, focusing on activities such as delivering goods or executing a contract." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). By contrast, for claims sounding in tort, courts generally apply the "purposeful direction" test. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). This test considers whether a defendant "purposefully directs his activities at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Id.* (cleaned up). Mona's claims for breach of contract and breach of the implied covenant of good faith and fair dealing sound in contract, whereas his claims for breach of fiduciary duty and fraudulent representation sound in tort. I thus analyze whether personal jurisdiction may be exerted over Sifen under either standard.

[6] Per Mona's declaration, "the Partnership was not reduced to any formal writing because I trusted that Sifen would honor the deal." ECF No. 31-2 at 3, ¶ 10.

Further, while the parties seemingly had some limited, face-to-face contact between 2000 and 2013, the FAC alleges the two conducted business over the telephone, or Mona would travel to Virginia to discuss business. *See* FAC, ECF No. 23 at 10 (alleging text message exchanges and a phone call between the parties), 11 (Mona traveling to Virigina to discuss business in December 2013, and the parties texting about profits and documentation relating to their investments in December of 2014), 13–14 (Mona traveling to Virginia to meet with, and having a phone call with, Sifen to discuss business in April of 2015, and exchanging emails about business ), 14 (texting about business), 15 (phone calls to discuss business), 16 (Mona traveling to Virigina to meet with Sifen to discuss the business and alleged failure to share profits). There are simply insufficient allegations showing that Sifen purposefully availed himself of the privilege of conducting business in Nevada because, to put it simply, Sifen did not conduct nor attempt to conduct any business in Nevada.

Mona also fails to demonstrate that Sifen purposefully directed his activities toward Nevada. To establish purposeful direction, Mona must demonstrate that: (1) Sifen acted intentionally, (2) with aim toward Nevada, and (3) caused harm that he should have anticipated would be suffered in Nevada. *See Yahoo!*, 433 F.3d at 1206. A "plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. And, mere injury to a forum resident is not a sufficient connection to the forum." *Id.* at 290. Here, the only link between Sifen and Nevada is Mona. Sifen's investing activity and all communication, especially after 2013—a decade ago—between Mona and Sifen occurred in Virginia. Mona does not allege that Sifen took any intentional action in Nevada[7] to form the alleged contract or to conduct the business

---

[7] Mona's arguments that Sifen intended to benefit from investments that were only available to him in Nevada is unpersuasive and misapprehends purposeful availment standard. ECF No. 31 at 16–19; 23–25. Mona cites *Hoag v. Sweetwater Int'l*, 857 F. Supp. 1420 (D. Nev. July 1, 1994), but that case involved a distribution lease and purchase agreement regarding drilling equipment and the alleged breach occurred within one year after the parties entered into the contract. Here, Sifen indeed made investments in Nevada and non-Nevada based businesses, and conducted that business, in Virginia. And, Mona traveled to Virginia to discuss the partnership with Sifen in every instance—a clear indication that Sifen, perhaps intentionally, did not direct his activities to Nevada.

activities at the heart of their alleged agreement. While Mona may have been injured in Nevada, that allegation is insufficient to establish that Sifen directed his activities toward the state.

Because I find that Sifen has neither purposefully availed himself of the privilege of conducting business in Nevada nor purposefully directed his activities toward Nevada, I need not address the other two prongs of the test for specific jurisdiction. *See Schwarzenegger*, 374 F.3d at 802 (stating that if the plaintiff fails to meet his burden on purposeful availment, personal jurisdiction cannot be established in the forum state). Consequently, there is no basis for specific jurisdiction. Having already determined that there is also no basis for general jurisdiction, this court cannot exercise personal jurisdiction over Sifen.

### IV.     Conclusion

IT IS HEREBY ORDERED that defendant Michael Sifen's motion to dismiss the first amended complaint **[ECF No. 24] is GRANTED. The complaint is dismissed with prejudice and without leave to amend.** Sifen's alternative requested relief of a motion to transfer venue to the Eastern District of Virigina is denied as moot.

The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case.

Dated: March 13, 2024

_____
Cristina D. Silva
United States District Judge